ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DILLON<br><br>Loretta Diaz,<br>      Plaintiff,<br><br>vs.<br><br>Waffle House, Inc. & WH Capital, LLC,<br>      Defendants. | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.:<br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO: WAFFLE HOUSE, INC., & WH CAPITAL, LLC, THE DEFENDANTS, ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 2801 Devine Street, Suite 300, Columbia, SC 29205, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

            CHAPPELL, SMITH & ARDEN, P.A.

            __s/ James D. George, Jr._____
            James D. George, Jr (103634)
            Attorney for the Plaintiff
            2801 Devine St. Ste. 300
            Columbia, South Carolina 29205
            (803) 929-3600
            jgeorge@csa-law.com

December 5, 2022

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DILLON<br><br>Loretta Diaz,<br><br>                Plaintiff,<br><br>vs.<br><br>Waffle House, Inc. & WH Capital, LLC,<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff would respectfully show unto the Court that:

1. The Plaintiff Loretta Diaz (hereinafter, "Plaintiff") is a citizen and resident of the County of Dillon, State of South Carolina.

2. Upon information and belief, the Defendant Waffle House, Inc. is a corporation licensed to do business in the State of South Carolina that is organized under the laws of the State of Georgia with its principle place of business located in Norcross, Georgia. Defendant maintains an agent for service of process in Corporation Service Company, located at 508 Meeting St. West Columbia, 29169.

3. Upon information and belief, the Defendant WH Capital, LLC is a limited liability company organized under the laws of the State of Georgia. Upon information and belief, the members of Defendant WH Capital are citizens and residents of the various 50 United States of America. WH Capital, LLC is authorized to do business in the State of South Carolina and maintains an agent for the service of process in Corporation Service Company, located at 508 Meeting St. West Columbia, 29169.

2

4.  Upon information and belief, Defendant WH Capital, LLC and Defendant Waffle House, Inc. (hereinafter, collectively, Defendants) own and operate a chain of restaurants across the United States.

5.  This Court exercising jurisdiction over this matter is appropriate, as the actions and inactions giving rise to this Complaint occurred within the State of South Carolina.

6.  Venue is appropriate in the County of Dillon, as the actions and inactions giving rise to this Complaint occurred within the County of Dillon.

7.  On or about January 3, 2020, Defendants were the owner and occupier of real property located at or near 709 Radford Boulevard in Dillon, South Carolina. That property operated as and was known to the general public as a restaurant.

8.  On or about January 3, 2020, Defendants operated a restaurant at or near 709 Radford Boulevard under the name "Waffle House." That restaurant was and was known by the general public, to be open to the general public for business.

9.  On or about January 3, 2020, Plaintiff was a customer and patron of Defendants' Waffle House restaurant, located at or near 709 Radford Boulevard (hereinafter, Waffle House).

10. At all times relevant to this Complaint, Plaintiff was a business invitee of Defendants.

11. On or about January 3, 2020, Plaintiff entered the Waffle House location to order, purchase, and consume food. After being seated, Plaintiff stepped to

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

3

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

a restroom located within the Waffle House location to wash her hands before eating. While traversing the restroom floor, Plaintiff slipped and fell on a foreign substance that had accumulated on the floor of Defendants' Waffle House location.

12. Plaintiff is unaware what substance was on the floor of the restroom.

13. Moments following the subject incident, and employee and or agent of Defendants described the restroom floor as "nasty."

14. Upon information and belief, the above described employee or agent of Defendants and or her co-employees were aware of the condition of the restroom floor prior to the subject incident. That employee and or her co-employees had notified a member of Defendants' management team of the condition of the floor prior to the subject incident.

15. Upon information and belief, despite prior knowledge of the "nasty" and slippery restroom floor, Defendants' employees, agents, and management personnel took no remedial action or took insufficient remedial action to render the restroom floor reasonably safe. In the alternative, any remedial actions taken to render the restroom floor reasonably safe were negated by a failure of Defendants and its employees to remediate the source of the foreign substance, rendering any remedial actions inconsequential, as the foreign substance reaccumulated.

16. At all times relevant to this Complaint, Defendants knew or should have known of the foreign substance on the restroom floor and/or knew or should have known a foreign substance was accumulating on the restroom floor.

4

17. At all times relevant to this complaint, Defendants created the foreign substance on the floor of its restroom; and/or in the alternative, had actual, constructive, and/or continuous knowledge of the foreign substance's presence on the restroom floor; and/or in the alternative, had actual, constructive, and/or continuous knowledge of a condition about the premises, which led to the accumulation of a foreign substance on the subject restroom floor.

18. The subject foreign substance rendered the restroom floor unreasonably dangerous.

19. The subject foreign substance rendered the restroom floor unreasonably slippery.

20. Immediately following the subject incident, an employee and or agent of the defendants stated her opinion the floor was too slippery.

21. The subject foreign substance reduced the coefficient of friction of the bathroom floor unreasonably low.

22. The subject foreign substance was disbursed unevenly within the restroom, leaving certain areas of the restroom less slippery than others.

23. At all times prior to the subject incident, Plaintiff was unaware of the foreign substance on the floor of the restroom and was unaware of the resulting dangerousness of the floor.

24. At all times prior to the subject incident, the foreign substance and resulting dangerousness was not open or obvious to Plaintiff.

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

25. At all times relevant to this Complaint, Plaintiff did not contribute to her slip or her fall.

26. At all times relevant to this Complaint, Plaintiff exercised due care for her own safety.

27. At no time relevant to this Complaint did Defendants provide Plaintiff any warning of the dangerousness of the restroom floor or the presence of the foreign substance.

28. Defendants failed to provide an oral warning to the Plaintiff.

29. Defendants failed to post signage adequately notifying Plaintiff of the dangerousness of the restroom floor.

30. At no time relevant to this Complaint did Defendants remedy or appropriately remedy the dangerous restroom floor.

31. Upon information and belief, the subject restroom had defects which led to the accumulation of the foreign substance. In the alternative and upon information and belief, Defendants failed to reasonably clean the subject restroom and failed to reasonably remove foreign substances from the restroom floor despite actual and or constructive knowledge of the foreign substance.

32. At all times relevant to this Complaint, Defendants owned, controlled, and maintained the subject Waffle House location.

33. As a result of the subject fall, Plaintiff suffered the following injuries and damages:

    a) extensive pain, mental anguish, suffering and discomfort;

  b)  physical injuries and harm to her person;

  c)  disability for a period of time, past and future;

  d)  money spent for medical care and treatment, past, present and future;

  e)  inability to carry on normal activities;

  f)  permanent injuries and partial disability;

  g)  emotional trauma and distress; and

  h)  loss of enjoyment of life.

## FOR A FIRST CAUSE OF ACTION
### Against Defendant Waffle House, Inc.
### (Negligence)

34. Plaintiff repeats and realleges the preceding paragraphs herein as if verbatim.

35. At all times relevant to this Complaint, employees and or agents of Defendants were acting within the course and scope of their employment and or agency. Defendants are liable for the acts and or omission of those employees and agents under theories of respondeat superior, vicarious liability, master/ servant, and general agency principles.

36. At all times relevant to the Complaint, Plaintiff was a business invitee of the Defendants.

37. At all times relevant to this Complaint, Defendants owed Plaintiff, its customers, its business invitees, and the general public the following duties of reasonable and ordinary care:

  a)  To maintain its property in a reasonably safe manner;

7

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

b)     To maintain its property in a reasonably safe condition;

c)     To warn its business invitees of latent or hidden dangers of which it knew or should have known;

d)     To inspect the premises of the Waffle House location and discover latent and hidden dangerous thereupon;

e)     To address and eliminate foreseeable unreasonable risks existing within the Waffle House location;

f)     To address and eliminate foreseeable unreasonable dangerous conditions existing within the Waffle House location;

g)     To implement and follow reasonable policies and procedures;

h)     To follow relevant industry standards and respective standards of care;

i)     To adequately hire, retain, train, educate, monitor, and supervise its employees, agents, and management personnel;

j)     To adequately select its contractors;

k)     To remedy dangerous conditions that its employees and agents raise to management personal;

l)     To ensure employees and agents properly and promptly report and remedy dangerous conditions;

m)     To properly and promptly warn and remedy dangerous conditions its employees report to management; and

n)     To ensure its restroom floors maintain a reasonable coefficient of friction.

38. The injuries and damages incurred by the Plaintiff were directly and proximately caused by the Defendants' careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars:

   a) In placing, creating, and or causing the foreign substance to accumulate on the floor if its restroom, which constituted an unreasonably dangerous condition.

   b) In failing to maintain its property in a safe manner;

   c) In failing to maintain its property in a safe condition;

   d) In failing to prevent bodily injury to its business invitees;

   e) In failing to prevent bodily injury to Plaintiff;

   f) In failing to warn its business invitees of the latent and hidden dangers of which it knew or should have known;

   g) In failing to warn Plaintiff of the latent and hidden dangers of which it knew or should have known;

   h) In failing to warn plaintiff of the foreign substance upon the floor of the subject restroom;

   i) In failing to eliminate foreseeable, unreasonable risks of harm, specifically, the foreign substance upon the floor of the subject restroom.

   j) In failing to warn the Plaintiff the subject restroom was unreasonably slick and unreasonably dangerous;

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

9

k) In failing to inspect and discover latent and hidden dangers existing within its restroom; specifically, the foreign substance upon the floor of its restroom;

l) In failing to address and eliminate foreseeable unreasonable risks existing within the subject restroom; specifically, the foreign substance upon the floor of its restroom;

m) In failing to implement appropriate policies and procedures;

n) In failing to follow then existing policies and procedures;

o) In failing to implement and comply with relevant industry standards of care;

p) In failing to adequately hire, retain, train, educate, monitor, and supervise its employees;

q) In failing to properly select its contractors;

r) In selecting contractor(s) to perform custodial and/or maintenance and/or construction and/or repair and/or renovation whom Defendant knew or should have known were not capable of safely and appropriately performing the work for which they were hired;

s) In failing to remedy the unreasonably dangerous condition after employees notified management of the presence of the unreasonably dangerous condition;

t) In its employees and agents failures to adequately and promptly report the dangerous condition

10

      u)    In failing to prevent the floor of the subject restroom from becoming unreasonably slick;

      v)    Other acts and omission which may be revealed through discovery.

39.    The Defendants' careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the subject slip and fall and resulting injuries and damages to the Plaintiff.

40.    The Plaintiff is informed and believes that she is entitled to judgment against the Defendants for actual and punitive damages in an appropriate amount.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual and punitive damages in an appropriate amount to be determined at trial, the costs of this action, and for such other and further relief as the Court may deem just and proper.

                          CHAPPELL, SMITH & ARDEN, P.A.

                          __s/ James D. George, Jr.__
                          James D. George, Jr (103634)
                          Attorney for the Plaintiff
                          2801 Devine St. Ste. 300
                          Columbia, South Carolina 29205
                          (803) 929-3600
                          jgeorge@csa-law.com

December 5, 2022

ELECTRONICALLY FILED - 2022 Dec 05 2:02 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

11

## AFFIDAVIT OF SERVICE

State of South Carolina         County of Dillon         Common Pleas Court

Case Number: 2022-CP-17-00551

Plaintiff:
**Loretta Diaz**

vs.

Defendant:
**Waffle House, Inc. & WH Capital, LLC**

For:
James George, Jr.
Chappell, Smith & Arden, P.A.
P.O. Box 12330
Columbia, SC 29211

Received by Chappell, Smith & Arden, P.A. to be served on **WH Capital, LLC, 508 Meeting St., West Columbia, SC 29169**.

I, Amanda Flint, being duly sworn, depose and say that on the **6th day of December, 2022** at **2:56 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** to: **Brittany Ward** as **Administrative Assistant** for **Corporation Service Company** on behalf of **WH Capital, LLC**, at the address of: **508 Meeting St., West Columbia, SC 29169**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 7th day of December, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

Amanda Flint
Process Server

Chappell, Smith & Arden, P.A.
P.O. Box 12330
Columbia, SC 29211
(803) 929-3600

Our Job Serial Number: UPL-2022003103

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

ELECTRONICALLY FILED - 2022 Dec 12 3:34 PM - DILLON - COMMON PLEAS - CASE#2022CP1700551

## AFFIDAVIT OF SERVICE

State of South Carolina        County of Dillon        Common Pleas Court

Case Number: 2022-CP-17-00551

Plaintiff:
**Loretta Diaz**

vs.

Defendant:
**Waffle House, Inc. & WH Capital, LLC**

For:
James George, Jr.
Chappell, Smith & Arden, P.A.
P.O. Box 12330
Columbia, SC 29211

Received by Chappell, Smith & Arden, P.A. to be served on **Waffle House, Inc., 508 Meeting St., West Columbia, SC 29169**.

I, Amanda Flint, being duly sworn, depose and say that on the **6th day of December, 2022** at **2:56 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** to: **Brittany Ward** as Administrative Assistant for **Corporation Service Company** on behalf of **Waffle House, Inc.**, at the address of: **508 Meeting St., West Columbia, SC 29169**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 7th day of December, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Amanda Flint
Process Server

Chappell, Smith & Arden, P.A.
P.O. Box 12330
Columbia, SC 29211
(803) 929-3600

Our Job Serial Number: UPL-2022003102

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i